Willie Joseph CRUMP,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 75–1790.

United States Court of Appeals,
Fifth Circuit.

June 24, 1976.

Before GODBOLD, McCREE* and TJOFLAT, Circuit Judges.

GODBOLD, Circuit Judge.

Willie Joseph Crump, a federal prisoner confined in the United States Penitentiary at Atlanta, Georgia, suffered personal injuries from an unprovoked assault upon him by a fellow inmate on August 18, 1972. He brought this suit for damages against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and its jurisdictional complement, 28 U.S.C. § 1346(b). The alleged liability of the United States was predicated on negligence by government employees responsible for Crump's custodial security. Crump appeals from an adverse judgment of the District Court, sitting without a jury, based on its conclusion that negligence was not shown.

■ The record adequately supports the conclusion that Crump did not give either written or oral notice to prison authorities that his life had been threatened by fellow inmate Leonard McIntosh. Insofar as Crump's claims are predicated upon that theory, the District Court is affirmed.

■ The court faced a second question of whether prison officials possessed information regarding McIntosh's propensity for aggressive violence sufficient to require that he be held in custody in a manner designed to minimize the opportunity for his endangering the security of other inmates. Crump contends that the duty of care owed him while confined as a federal prisoner[1] was breached by the failure of the penitentiary's chief medical officer and the consultant in psychiatry to recommend, on the basis of McIntosh's prior medical record and institutional history, that McIn-

Robert L. McHaney, Jr., Atlanta, Ga., for plaintiff-appellant.

Robert W. Stokes, U. S. Atty., Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendant-appellee.

---

* Of the Sixth Circuit, sitting by designation.

1. The duty of care owed by the Bureau of Prisons to federal prisoners is defined in 18 U.S.C. § 4042, as follows:

"The Bureau of Prisons, under the direction of the Attorney General, shall—

\* \* \* \* \* \*

"(2) provide suitable quarters and provide for the safekeeping, care, and subsist-

ence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

"(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;"

\* \* \* \* \* \*

tosh be segregated from the general inmate populace. Alternatively, he argues that the Warden and his agents negligently failed to order that special confinement on the basis of an independent evaluation of the same records.

The District Court's conclusion on this aspect of the case emphasized the absence of evidence contradicting the judgment of the two medical officers that McIntosh not be maintained in segregation. This approach did not reach at least the following questions: (1) Regardless of the expressed judgment of the examining chief medical officer and of the consultant in psychiatry, should the warden, in his administrative capacity, have taken action to segregate McIntosh on the basis of his prior medical record and institutional history? (2) Whether the examining doctors knew, or should have known, about McIntosh's assaultive record during institutional confinement? (3) Whether the chief medical officer examining McIntosh knew, or should have known, the results of McIntosh's prior examination by the consultant in psychiatry?

Accordingly the case must be remanded for further consideration of the issues raised by the second asserted basis of liability and for such additional factual development as the District Court considers appropriate.

AFFIRMED in part, VACATED and REMANDED in part.